**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Patsy Ann Ashley, ) | |
| ) | Civil Action No.: 8:17-cv-01616-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of Magistrate Judge Jacquelyn D. Austin's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 13, 2018 (ECF No. 21). The Report addresses Plaintiff Patsy Ann Ashley's ("Plaintiff") claim for disability benefits and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the action for further administrative proceedings. (ECF No. 21 at 22.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 21.) As brief background, Plaintiff filed an application for disability benefits on June 6, 2014, and her application was denied initially. (*Id.* at 1.) After a video hearing was held on September 26, 2016, an administrative law judge ("ALJ") determined, on November 16, 2016, that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c). (ECF No. 10-2 at 20, 24-27.) More

1

specifically, the ALJ found that Plaintiff could "lift and carry [twenty-five] pounds frequently and [fifty] pounds occasionally[,] . . . sit, stand, and walk [six] hours in an [eight]-hour day[,] . . . occasionally climb ladders but frequently climb steps[,] . . . [and] frequently stoop, crouch, kneel and crawl (COPD)." (*Id.* at 23.) Additionally, the ALJ established that Plaintiff could "perform unskilled, simple routine work with no more than occasional contact with the general public." (*Id.*) The ALJ denied Plaintiff's disability benefits on this basis because Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 28.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on May 23, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on March 20, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that the ALJ failed to comply with recent precedent from the United States Court of Appeals for the Fourth Circuit. (ECF No. 21 at 17-22.) Specifically, the Report noted that the ALJ failed to consider, and thereby impacting the RFC determination, whether Plaintiff's limitations in concentration, persistence, or pace impact her ability to stay on task. (*Id.* at 21-22.) Upon making a conclusion regarding the ALJ, the Report ultimately recommended that the court reverse the decision of the Commissioner and remand the action for further administrative proceedings. (*Id.* at 22.)

The parties were apprised of their opportunity to file specific objections to the Report on July 13, 2018. (*Id.* at 18.) On July 27 2018, the Commissioner filed an Objection to the Report and

2

argued that the ALJ "adequately accounted" for Plaintiff's limitations in concentration, persistence, or pace. (ECF No. 23 at 2-4.) Moreover, the Commissioner maintains that the ALJ's decision was based on substantial evidence. (*Id.* at 4.) The Commissioner urges the court to reject the Magistrate Judge's Report and affirm the ALJ's decision. (*Id.* at 5.) Plaintiff responded to the Commissioner on August 11, 2018. (ECF No. 24.) Plaintiff argues that the ALJ failed to explain how "he accounted for [Plaintiff's] moderate limitations in concentration, persistence, or pace" and that the court should therefore adopt the Magistrate Judge's Report. (*Id.* at 2-3.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but

less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh [sic] conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

An ALJ "does not account 'for a claimant's limitations in concentration, persistence, [or] pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). If an ALJ fails to explain why a claimant's limitation in concentration, persistence, or pace is excluded from a hypothetical question to a vocational expert, then a court is required to remand the case for additional administrative proceedings. *Id.* The Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Thus, when an ALJ fails to account for all of a claimant's impairments in a hypothetical question, "the vocational expert's testimony is not 'substantial evidence' and cannot support the ALJ's conclusion that [a claimant] could perform significant numbers of jobs in the national economy." *Winschel*, 631 F.3d at 1181.

The Commissioner argues that "the ALJ fully considered Plaintiff's allegations of depression and fatigue, and adequately accounted for them in the RFC" by rejecting Plaintiff's unsubstantiated, subjective complaints. (ECF No. 23 at 2.) However, whether an ALJ disbelieves or discounts a Plaintiff's limitations in concentration, persistence, or pace is insufficient under *Mascio*. Under *Mascio*, an ALJ is required to *specifically account* for a claimant's limitations in

4

concentration, persistence, or pace *within a hypothetical question* when they do not *explicitly reject* the impact of the limitations on work. 780 F.3d at 638. As such, the court will examine the ALJ's hypothetical question about Plaintiff's limitations to determine whether they were accounted for in the assessment of Plaintiff's RFC.

In the video hearing on September 26, 2016, the ALJ posed the following hypothetical question, after addressing Plaintiff's physical limitations, to the vocational expert:

> I'm going to put at [sic] unskilled, simple work, simple routine work. Due to her depression and lack of motivation, let's go with no more than occasional interaction with the general public. And I believe those are the limitations that I find here. Could she return to any of her past works [sic] with those limitations?

(ECF No. 10-2 at 73.) The ALJ found that Plaintiff was moderately limited in her ability to maintain concentration, persistence, or pace. (ECF No. 10-2 at 23.) However, the ALJ failed to include Plaintiff's moderate limitations in the hypothetical question posed to the vocational expert and did not incorporate the time in which Plaintiff would be on or off task. (ECF No. 10-2 at 73.) Additionally, the ALJ never mentioned Plaintiff's limitations during subsequent questions to the vocational expert. (ECF No. 10-2 at 74-75.) *Mascio* specifically requires an ALJ to include a claimant's concentration, persistence, or pace limitations in a hypothetical question unless they explain how the limitations do not impact a claimant's ability to work. 780 F.3d at 638. In the instant case, it is apparent that the ALJ failed to comply with *Mascio* because the ALJ never inquired about Plaintiff's moderate limitations in concentration, persistence, or pace in a hypothetical question. (ECF No. 10-2 at 73-78.) Moreover, the ALJ did not address whether Plaintiff's moderate limitations affect her ability to work or how long that she may be off task due to her fatigue or depression. (*Id.* at 24-27.) When the ALJ fails to supply the court with a reason, this court will decline to offer one. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Therefore, the ALJ's decision, which included Plaintiff's RFC, was not justified by substantial

evidence, and the court is required to remand the action for further administrative proceedings. *Mascio*, 780 F.3d at 638.

In addition to the aforementioned argument, the Commissioner maintains that the Magistrate Judge improperly reweighed medical evidence.[1] (ECF No. 23 at 1.) As noted previously, a court is precluded from making credibility determinations or reweighing evidence in order to determine if substantial evidence exists. *Craig*, 76 F.3d at 589. The Magistrate Judge concluded that Plaintiff's RFC was not supported by substantial evidence because the ALJ failed to properly consider Plaintiff's limitations in concentration, persistence, or pace in accordance with Fourth Circuit precedent. (ECF No. 21 at 21-22.) Additionally, the Magistrate Judge recounted the ALJ's findings and testimony from the video hearing on September 26, 2016. (ECF No. 21 at 19-21.) Upon review, the Magistrate Judge's decision attempted to show "that the court is simply unable to determine whether the ALJ's decision is supported by substantial evidence." *Bradley, o/b/o K.M. v. Berryhill*, No. 0:16-cv-770-DCN, 2017 WL 4277602, at *4 (D.S.C. Sept. 26, 2017) (holding that a magistrate judge did not improperly reweigh evidence when deciding whether a decision was supported by substantial evidence). As such, after a careful review of the Report, these actions were not improper on the part of the Magistrate Judge because she was trying to find a basis for the ALJ's decision. *Id.* Therefore, the court rejects this argument of the Commissioner.

Plaintiff presented additional arguments against the ALJ's initial decision. (ECF No. 17 at 16-31.) The court need not consider these arguments because the ALJ will have an opportunity to reconsider the entire decision and will reexamine the evidence in totality during a *de novo* review. *See Fleeger v. Berryhill*, No. 16-318, 2017 WL 143193, at *4 n.3 (W.D. Pa. Apr. 24, 2017)

---

[1] The Commissioner fails to identify a specific way in which the Magistrate Judge improperly reweighed the evidence. (ECF No. 23 at 1-4.)

(declining to consider an additional argument by a claimant because the claimant's RFC would be reconsidered *de novo* by an ALJ); *Astuto v. Colvin*, 16-CV-1870 (PKC), 2017 WL 4326508, at *8 n.7 (E.D.N.Y. Sept. 28, 2017) (declining to consider an additional argument by a claimant because the action would be considered *de novo* by an ALJ). Thus, the court need not issue findings about Plaintiff's additional arguments because the ALJ will oversee new administrative proceedings.

## IV. CONCLUSION

After a thorough review of the Commissioner's Objection (ECF No. 23) and the Magistrate Judge's Report (ECF No. 21), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21), **REVERSES** the decision of the Commissioner of Social Security Administration, and **REMANDS** the action for further administrative proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 4, 2018
Columbia, South Carolina